```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

MARY L. and JAMES CARVILLE,      )
                                 )
        Plaintiffs,               )
                                 )       No. 4:08CV01567 FRB
                                 )
        v.                        )
                                 )
                                 )
THE SHERATON CORPORATION,        )
et al.,                          )
                                 )
        Defendants.               )
```

**MEMORANDUM AND ORDER**

Presently before this Court is the Motion of plaintiffs Mary L. Carville and James Carville ("plaintiffs") to Remand, and for an Award of Attorney's Fees (Docket No. 7/filed October 30, 2008). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I.   Background**

Plaintiffs originally filed their four-count Petition in the Circuit Court of the City of St. Louis, alleging negligence, res ipsa loquitur, and loss of consortium, stemming from injuries plaintiff Mary Carville allegedly received when exiting an elevator while a guest in the Millennium Hotel in St. Louis. Mrs. Carville alleges separate counts for negligence against the hotel defendants and against defendant Schindler Elevator Corporation ("Schindler"),

-1-

and alleges one count of res ipsa loquitur against all defendants. Plaintiff James Carville alleges one count of loss of consortium against all defendants. In each count, plaintiffs seek "a minimum" of $25,000.00 in damages from each defendant, "stated only for jurisdictional purposes of this Court." (Petition, Docket No. 1-2 at 18, 22, 26, and 27.)

Specifically, plaintiffs allege that, when exiting an elevator on August 23, 2003, Mrs. Carville fell face forward onto the hotel lobby floor, and as a result,

> suffered severe injuries, including, but not limited to, injury to her left knee, left leg, left side of her torso, sternum, collar bone, spine, and shoulders, and acute trauma to all of the muscles, tissues, ligaments, nerves and other parts of her left knee, left leg, left side of her torso, sternum, collar bone, spine, shoulders and body, which were severely bruised, contused, lacerated, sprained, torn, stretched, ruptured, dislocated, and compressed, and which became limited in their motion and utility and painful upon movement thereof.

(Id. at 16.)

Plaintiffs also allege that Mrs. Carville required emergency room treatment and follow-up medical treatment, and that she "will not be restored to the position in which she found herself prior to the accident because she continues to experience daily pain in her left knee and left leg." (Id. at page 17.) Plaintiffs also allege that Mrs. Carville has suffered "mental anguish, emotional upset, and a shock to her nervous system, as a result of which, Mrs. Carville's ability to enjoy the pleasures of

life have been lessened and rendered painful," and "severe and excruciating pain and mental anguish." (Id.)  Plaintiffs allege that Mrs. Carville's injuries are "severe, serious, permanent and progressive," and that she has "incurred expenses for medical treatment in the past and may in the future be required to spend additional funds therefor." (Petition, Docket No. 1-2 at 17-18.) For his loss of consortium claim against all defendants, Mr. Carville alleges that he has suffered "the loss of the society, consortium, companionship, love, affection, and support of Mrs. Carville and has thereby sustained damage," and also alleges that there is a reasonable certainty that he will sustain damages in the future. (Id.)

On October 10, 2008, Schindler removed this action to this Court, alleging that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, inasmuch as the parties are diverse, and the amount in controversy exceeds $75,000.00.  Plaintiffs subsequently filed the instant motion to remand, arguing that Schindler failed to meet its burden of establishing that federal subject matter jurisdiction exists in this case, inasmuch as it cannot prove that the amount in controversy exceeds $75,000.00, and ask that this Court exercise its discretion and award attorneys' fees and costs, inasmuch as Schindler had no objectively reasonable basis to remove this matter from state court.  Plaintiffs argue that Schindler is merely speculating regarding the amount in controversy, and cites case law declining removal when a

plaintiff's petition specifically requested less than $75,000.00. Plaintiffs do not challenge Schindler's assertion of diversity of citizenship, nor do plaintiffs ever assert that they are actually seeking less than the jurisdictional amount.

Defendants objected to plaintiffs' motion to remand, arguing that Schindler met its burden of proving that the amount in controversy exceeds $75,000.00. Defendants argue that, inasmuch as plaintiffs allege a host of severe and debilitating physical and mental injuries, a fact-finder could legally conclude that the damages exceed $75,000.00, and the amount in controversy requirement is therefore satisfied. For the following reasons, defendants' arguments are well-taken.

## II. Legal Analysis

As the party seeking removal and opposing remand, Schindler has the burden of establishing federal jurisdiction. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). Doubts concerning federal jurisdiction should be resolved in favor of remand. Id. A civil action may be removed to federal court when the federal court would have had original jurisdiction. 28 U.S.C. § 1441. This Court has original jurisdiction over civil actions in which the parties are diverse, and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

In Kopp v. Kopp, 280 F.3d 883 (8th Cir. 2002), the Eighth Circuit held that the proponent of federal jurisdiction must prove,

-4-

by a preponderance of the evidence, that the fact finder "could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.00." Id. at 885; see also OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 349-50 (8th Cir. 2007). The jurisdictional question, therefore, is not whether the plaintiff alleges damages that are greater than the jurisdictional amount, but whether a fact finder might legally conclude that they are. Kopp, 280 F.3d at 885. The Eighth Circuit has held that the determination of whether the amount in controversy requirement is satisfied is made at the time of removal. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Contrary to plaintiffs' suggestions, therefore, the fact that the Petition does not specifically request an amount greater than $75,000.00 does not mandate remand.

The instant Petition does not restrict the amount of damages plaintiffs seek, and instead alleges "a minimum" of $25,000.00 against each defendant, and plaintiffs herein make no effort to represent to this Court that they are in fact seeking an award less than the jurisdictional amount. Furthermore, the representations in plaintiffs' Petition regarding the severity and disabling effects of Mrs. Carville's injuries provide adequate insight into the amount in controversy, such that the undersigned is able to conclude that the amount in controversy exceeds the jurisdictional limit. See Kopp, 280 F.3d at 885; see also Quinn

v. Kimble, 228 F.Supp.2d 1038, 1041 (E.D. Mo. 2002) (amount in controversy deemed satisfied when plaintiff alleged numerous severe, debilitating injuries). Plaintiffs herein allege a laundry list of injuries against each defendant, alleging severe, permanent, progressive, and debilitating injury to, as quoted above, multiple parts of Mrs. Carville's body. (Petition, Docket No. 1-2 at 16, 21, 24-25.) Plaintiffs also allege that Mrs. Carville will not be restored to the position she found herself in prior to the accident because she suffers "daily pain" in her left knee and left leg. (Id. at 21, 25.) Plaintiffs allege that all of Mrs. Carville's injuries are "severe, serious, permanent and progressive," and that she has incurred medical expenses in the past and may incur additional expenses in the future. (Id. at 17-18, 22, 26.) Also as quoted above, plaintiffs allege that Mrs. Carville has suffered mental, emotional, and nervous system injury, and as a result, her "ability to enjoy the pleasures of life have been lessened and rendered painful." (Id. at 17, 22, 25.) Plaintiffs also allege a loss of consortium claim on behalf of Mr. Carville, alleging that he has sustained damages, and that there is a reasonable certainty that he will sustain damages in the future. (Petition, Docket No. 1-2, at 26-27.)

In sum, plaintiffs represent that Mrs. Carville has been severely and permanently injured, both physically and mentally, and that such injuries have severely altered her life and that of her husband. Upon such a record, the undersigned concludes that, as a

legal matter, a fact finder might legally conclude that plaintiffs are entitled to damages in excess of $75,000.00, should it believe the allegations in plaintiffs' Petition.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand and for an Award of Attorneys' Fees (Docket No. 7/filed October 30, 2008) is **DENIED.**

_____
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of May, 2009.